UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JERREN JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>TYLER BARNES,<br><br>    Defendant. | Case No. 4:24-CV-66-GSL-APR |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment [DE 30] filed on June 13, 2025, and on Defendant's Motion for Summary Judgment on Preliminary Issues [DE 31] filed on June 19, 2025. For the reasons below, the Court denies Plaintiff's motion and grants Defendant's motion.

**PROCEDURAL BACKGROUND**

This case began when Plaintiff Jerren Jones, *pro se*, filed a complaint against Defendant Tyler Barnes on September 5, 2024. In that complaint, brought under 42 U.S.C. § 1983, Plaintiff alleges that Defendant violated Plaintiff's civil rights during and in the events surrounding a traffic stop. This case was originally assigned to Judge Cristal Brisco in the South Bend Division. Upon the case's transfer to the Hammond Division at Lafayette, it was assigned to Judge Philip Simon. Once the Court learned that this case is related to a previously filed one, it was reassigned to the undersigned on January 23, 2025, pursuant to Local Rule 40-1(e).

Jones filed a separate complaint against the Wolcott Police Department, a Deputy Winkler, Marshal Jared Baer, and the Town of Wolcott on December 14, 2023; that case bears cause number 4:24-CV-2. Jones filed yet another complaint, also on December 14, 2023, in

which he sued only the White County Jail; that case bears cause number 4:24-CV-22. In this latter case, Jones filed an amended complaint on May 17, 2024, in which he added Bill Brooks, Mark Helms, Shirley, Loges, Dee Williams, and (most relevant here) Tyler Barnes as defendants. The Court ordered Jones to file an amended complaint that only asserted related claims and gave Jones until September 14, 2024, to do so. Jones filed his amended complaint on September 5, 2024, naming only Mark Helms as a defendant.[1] This is the same date on which he filed the complaint in the instant matter.

Plaintiff filed his motion for summary judgment on June 13, 2025. Defendant responded on July 14, 2025. Plaintiff did not file a reply.

Defendant filed his motion for summary judgment on June 19, 2025. Plaintiff responded on July 18, 2025. Defendant replied on August 11, 2025.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of" the evidence that "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To survive a properly supported motion for summary judgment, "the nonmoving party must present evidence sufficient to establish a triable issue of fact on all elements of its case." *McAllister v. Innovation Ventures, LLC*, 983 F.3d 963, 969 (7th Cir. 2020).

In deciding a motion for summary judgment, a court does "not weigh conflicting evidence, resolve swearing contests, determine credibility, or ponder which party's version of the

---

[1] Two previous amended complaints, filed July 3, 2024, were stricken by the Court on August 13, 2024.

facts is most likely to be true." *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 760 (7th Cir. 2021). Instead, a court's only task is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* (internal citation omitted). If there is no genuine dispute of material fact, then summary judgment is appropriate, and the movant is entitled to judgment as a matter of law. *Id.*

## MATERIAL FACTS

The following facts are either agreed by the parties or supported by evidence of record.[2] On July 19, 2022, Plaintiff Jerren Jones was the subject of a traffic stop initiated and conducted by Wolcott Town Marshal Jared Baer. Dispatch had received a report from a 911 caller that a semi was driving slowly and weaving on the roadway. Before the stop, Baer himself observed the semi travelling at inconsistent and low speeds and drifting in the lane and going left of center. After Baer activated his emergency lights, Jones, who was driving the semi, did not pull over. Even after Baer used his vehicle's air horn and siren and pulled alongside the semi and motioned for Jones to pull over, Jones did not pull over but motioned for Baer to go around the semi. Jones eventually stopped the semi, and Baer administered field sobriety tests. Jones subsequently agreed to take a chemical test, for which Baer transported Jones to IU White Hospital.

Defendant Tyler Barnes arrived at the scene after Jones was already in custody. After the blood draw at IU White Hospital, Baer arrested Jones for Resisting Law Enforcement with a Vehicle and Operating a Vehicle While Intoxicated and transported him to the White County Jail. After Baer transported Jones for the blood draw, Barnes searched Jones's truck, a semi-tractor

---

[2] Plaintiff did not provide citations to evidence to support his asserted facts despite Local Rule 56-1(a)(3)(B), (b)(2)(C), and (b)(2)(D)(ii) requiring him to do so. Unsupported facts are not recounted in this section. Additionally, Courts are to disregard legal conclusions in affidavits, such as stating that an arrest was without probable cause or that civil rights were violated based on race. *See Renee v. Neal*, 483 F. Supp. 3d 606, 611 (N.D. Ind. 2020) (citing *Greene v. Westfield Ins.*, 963 F.3d 619, 627 (7th Cir. 2020); *Pfeil v. Rogers*, 757 F.2d 850, 862 (7th Cir. 1985)).

trailer. The search was an inventory search of the truck's cab to document and secure the contents prior to the truck being towed.

Barnes first learned Jones was accusing him of wrongdoing in connection with the traffic stop on March 5, 2025, when Barnes received a copy of a summons with this case's cause number and a complaint bearing cause number 3:24-CV-750, which was the cause number of the case that was originally filed in the South Bend Division and subsequently transferred to this division where it became the instant case, cause number 4:24-CV-66.

## ANALYSIS

### A.  Plaintiff's Motion for Summary Judgment

Plaintiff argues that the Court should grant summary judgment in his favor because he filed his complaint within the statute of limitations period and because he has established violations of his constitutional rights. For Plaintiff, as the moving party here, to prevail, he must show both "that there is no genuine dispute as to any material fact" and that he "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Plaintiff bears the burden of proof for the constitutional deprivations on which he builds his § 1983 claims, *see McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010), so he cannot show himself to be entitled to judgment as a matter of law on any claim unless he provides evidence supporting each element of his claim.[3]

Under § 1983, a person can sue someone who, acting under color of state law, deprived them of their federal or constitutional rights. 42 U.S.C. § 1983. A necessary element of any § 1983 claim is the deprivation of a protected right. Though Plaintiff *alleges* deprivation of his rights in the form of a racially-motivated arrest, unlawful search and seizure, and racial

---

[3] Even if Plaintiff provides such evidence, Defendant can still withstand summary judgment by showing that there is a genuine dispute of material fact.

4

discrimination, he has not provided *evidence* of these deprivations. Accordingly, he is not entitled to judgment as a matter of law on his claims, so the Court denies his motion.

    **B.**    **Defendant's Motion for Summary Judgment**

Defendant argues that summary judgment in his favor is appropriate because Plaintiff did not comply with Federal Rule of Civil Procedure 4(m) and because this action is barred by the statute of limitations.

    *1. Rule 4(m)*

Defendant asserts that he is entitled to judgment as a matter of law because Plaintiff failed to perfect service of process on him within the time provided by Federal Rule of Civil Procedure 4(m). Failure to serve a defendant within 90 days of the complaint's filing is excused if a plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m). Plaintiff identifies that the summons was only signed on January 23, 2025, and argues that there is good cause for his late service on Defendant.

Here, the docket shows that Plaintiff submitted proposed summons with his original complaint. Plaintiff neither paid the filing fee nor moved for *in forma pauperis* status at that time. A motion to litigate *in forma pauperis* came on September 30, 2024, which is 25 days after he filed his complaint. The Court denied that motion on November 12, 2024, and gave Plaintiff until December 12, 2024, to pay the fee. On Plaintiff's motion, the deadline was extended until January 13, 2025. Plaintiff paid the fee on January 15, 2025, and the summons was issued on January 23, 2025. Defendant states that he received a copy of the summons and the complaint[4] on March 5, 2025.

---

[4] Because the complaint was originally filed in South Bend Division, the case number on the complaint is 3:24-cv-750. *See* Compl., ECF No. 1.

The Court finds that Plaintiff has shown good cause for the failure to timely serve Defendant. Plaintiff could not serve Defendant until the signed summons was issued, and Plaintiff served Defendant within a reasonable amount of time—less than six weeks—thereafter. The Court also notes that Defendant appears to have abandoned this argument in his reply brief. Due to good cause shown, the Court will not dismiss the case for failure to timely achieve service on Defendant.

    2. *Statute of Limitations*

Defendant's second argument is that the case should be dismissed because it violates the statute of limitations. A § 1983 claim is governed by the forum state's limitations period for a personal injury action. *Campbell v. Forest Pres. Dist. of Cook Cnty., Ill.*, 752 F.3d 665, 668 (7th Cir. 2014). In Indiana, a personal injury action must be brought within two years of the action accruing. Ind. Code § 34-11-2-4-(a). Additionally, because the limitations period comes from state law, so too do the rules regarding tolling that period. *Moor v. Burge*, 771 F.3d 444, 447 (7th Cir. 2014). The parties agree that the action accrued on July 19, 2022, and the Court agrees that this is the date on which Plaintiff knew or should have known that the alleged constitutional violation had occurred. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005).

Plaintiff identifies that he first brought suit against Defendant Barnes in an amended complaint filed on May 17, 2024, in cause number 4:24-cv-22 in this district. On May 31, 2024, the Court instructed Plaintiff that he had brought unrelated claims in that pleading and could not bring unrelated claims in a single lawsuit. The Court reiterated this instruction in a July 3, 2024 order. Plaintiff amended his complaint in that lawsuit—dropping Barnes as a defendant in the process—and also initiated the instant lawsuit against Barnes on September 5, 2024. The

complaint that initiated this lawsuit appears untimely because it was not filed within two years of the action's accrual.

There are a few circumstances in which complaints that at first glance appear to be untimely can be litigated. First, if a complaint relates back to a prior complaint under Federal Rule of Civil Procedure 15(c)(1), then the claims are considered filed as of the date of the prior complaint. That rule does not apply here, though, because the operative complaint is this lawsuit's original complaint and not an amended one, and the rule does not contemplate relation back to a complaint filed in a separate lawsuit.

Next, Indiana's Journey's Account Statute allows a plaintiff to continue an action in a second lawsuit if the first action "fails . . . from any cause except negligence in the prosecution of the action." Ind. Code § 34-11-8-1. Under normal circumstances, voluntarily-dismissed complaints do not "fail" as that term is used in the Journey's Account Statute. *Al-Challah v. Barger Packaging*, 820 N.E.2d 670, 675 (Ind. Ct. App. 2005); *but see City of Evansville v. Moore*, 563 N.E.2d 113, 115 (Ind.1990) (applying the Journey's Account Statute over a statute of limitations defense where the plaintiff voluntarily dismissed the complaint on the defendant's request after the defendant stated it would waive statute of limitations affirmative defenses). The case at bar is not a permitted continuation of the previous case under the Journey's Account Statute.

Plaintiff also argues that tolling applies to his late filing. He first asserts that he did not know the full extent of his damages until after administrative proceedings to correct his commercial driving record. To the extent Plaintiff means to say that the statute of limitations does not run until all damages were known, Plaintiff is incorrect. It is the constitutional injury— and not the consequences of that injury—that starts the time period for the statute of limitations.

*See Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F.3d 489, 491 (7th Cir. 2017). To the extent Plaintiff argues that tolling should apply, it is not enough to claim that the "full extent" of his damages were unknown, because he still should have known that his claim existed as of the date of his arrest, when the alleged constitutional injuries occurred. This is not a reason to toll the statute of limitations.

He next argues for tolling on the basis that he is litigating pro se and his focus was on resolving the criminal charges brought against him. However, "mistakes of law (even by plaintiffs proceeding pro se) generally do not excuse compliance with deadlines or warrant tolling a statute of limitations." *Schmidt v. Wisconsin Div. of Vocational Rehab.*, 502 F. App'x 612, 614 (7th Cir. 2013). Whether Plaintiff attributes his lack of timely filing to not understanding which claims are considered unrelated or to not realizing the importance of filing within the allotted limitations period, these are not reasons to toll the deadline even when considering Plaintiff's pro se status. Indiana, by statute, allows the statute of limitations to be tolled in special circumstances related to nonresident defendants, legal disabilities, or a defendant's concealment of information from a plaintiff, but none of those matters are present here. *See* Ind. Code. §§ 34-11-4-1, 34-11-5-1, 34-11-6-1. There is no basis to apply tolling to Plaintiff's claim.

Finally, Plaintiff contends that the continuing violation doctrine applies because his employment prospects were harmed by false violations on his commercial driver's license after the date of his arrest. Indiana applies the continuing violation doctrine when an untimely original violation in closely related to timely violations and when an initial, untimely violation is repeated later. *Yoost v. Zalcberg*, 925 N.E.2d 763, 771 (Ind. Ct. App. 2010). Here, though, the alleged

actions that violated Plaintiff's civil rights all occurred on the same day. Plaintiff's argument is built on continuing consequences, not continuing violations, so the argument failed.

Plaintiff filed the complaint in this case after the expiration of the statute of limitations period. The complaint does not relate back, neither Indiana's Journey's Account Statute nor the continuing violation doctrine applies, and there is no basis for tolling the statute of limitations. The Court grants Defendant's motion and dismisses this case.

## CONCLUSION

Based on the above, the Court hereby **DENIES** Plaintiff's Motion for Summary Judgment [DE 30] and **GRANTS** Defendant's Motion for Summary Judgment on Preliminary Issues [DE 31]. The Court **ORDERS** that this case is **DISMISSED**.

SO ORDERED.

ENTERED: October 1, 2025

/s/GRETCHEN S. LUND
Judge
United States District Court